**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY G. BROWN,<br>Plaintiff,<br>v.<br>MICHAEL HOLMAN, *Warden*, *et al.*,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 25-133-E |

**MEMORANDUM ORDER**

Presently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Maureen P. Kelly in this matter on October 14, 2025. (Docket No. 7). The R&R recommends that this case, filed by *pro se* Plaintiff Gregory G. Brown ("Plaintiff"), be dismissed *sua sponte*, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to prosecute his case. (*Id.* at 1, 4). Service of the R&R was made on Plaintiff via U.S. Mail, and the R&R indicated that any objections thereto were due by October 31, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.D.2 of the Local Rules of the United States District Court for the Western District of Pennsylvania. (*Id.* at 4 & Docket text entry). On November 18, 2025, Plaintiff filed a response entitled, "Plaintiff's Objections to R&R by Magistrate Judge Maureen P. Kelly Dated October 14, 2025" (hereinafter, "Objections"). (Docket No. 8 at 1-3). Accompanying Plaintiff's Objections was a cover letter indicating that the filing was late because he had sent it to the Court on October 26, 2025, but it was held in the prison mail room for eleven days before being returned to him. (Docket No. 8-1). In light of the provided reason for the filing delay, the Court has considered Plaintiff's Objections as timely filed in ruling on the R&R.

Rule 72 of the Federal Rules of Civil Procedure provides that, within 14 days after being served with a copy of an R&R recommending disposition of a case, "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. Fed. R. Civ. P. 72(b)(2). The district judge must then conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.*

In his Objections, Plaintiff asserts that his case should not be dismissed for failure to prosecute. (Docket No. 8 at 2). Although Plaintiff does not object to any particular findings in the R&R by arguing that Judge Kelly made certain specific errors – in accordance with requirements of Rule 72 – Plaintiff provides reasons why he did not respond to the Court's Deficiency Order (Docket No. 2, issued July 1, 2025) or the Court's Order to Show Cause (Docket No. 4, issued August 20, 2025): (1) because he was under "duress" due to his bipolar disorder, and (2) because he was "preparing for/trial" in state court. (Docket No. 8 at 1). As in his Complaint, Plaintiff also contends that he should be appointed counsel. (*Id.* at 2). Plaintiff's Objections thus appear to contain an extremely late response to Judge Kelly's Show Cause Order, along with a restatement of the Complaint to the extent he again seeks the appointment of counsel. In light of Plaintiff's *pro se* status, however, the Court has considered his response as properly filed Objections to the R&R. Nevertheless, upon careful *de novo* review of the R&R and the entire record here, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition.

In so ruling, the Court agrees with Judge Kelly's application of the six-factor balancing test provided in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), which guides a court in determining whether a case should be dismissed for failure to prosecute. (Docket No. 7 at 2-4). First, the Court agrees that Plaintiff, who is proceeding *pro se* in this matter, is solely responsible for his own conduct, including complying with this Court's orders, so the first factor weighs in favor of dismissal. (*Id.* at 3). The Court also agrees that, with regard to the second factor – whether the adverse parties have suffered prejudice because of the dilatory party's behavior – since no filing fee has been paid, leave to proceed IFP has not been granted, and the defendants have not been served with the Complaint, there is no evidence of record showing that any defendant has suffered prejudice at this juncture due to Plaintiff's conduct. (*Id.*). Additionally, the Court agrees that the third factor, a history of dilatoriness, weighs against Plaintiff since, until he filed his Objections to the R&R, he refused to respond to Judge Kelly's Deficiency Order or Order to Show Cause, nor had he filed anything on the docket in this case since originally submitting the Complaint on May 23, 2025.[1] (*Id.*). Fourth, the Court agrees that Plaintiff's failure to comply with Judge Kelly's orders appears to be willful and not the result of excusable neglect. (*Id.*). Although Plaintiff states in his Objections (which the Court construes, in the light most favorable to Plaintiff, as being responsive to the fourth factor) that he never responded to the Court's Deficiency Order and Order to Show Cause because he was under "duress" due to his

[1] The Court notes that, in order to facilitate this case moving forward, Judge Kelly previously provided Plaintiff with several blank forms: a Section 1983 Prisoner Civil Rights Complaint Form, a Consent to Magistrate Judge Jurisdiction form, and a Motion for IFP with Authorizations Form. (Docket Nos. 2-1, 2-2, 2-3). Additionally, as Judge Kelly's Deficiency Order notified Plaintiff that his Complaint does not comply with the Federal Rules of Civil Procedure (specifically Rule 8, which sets forth the general rules of pleading), and advised Plaintiff that for the case to proceed he would need to file an amended complaint that complies with the pleading rules of the Federal Rules of Civil Procedure, Judge Kelly also provided Plaintiff with a helpful summary of such rules entitled, "Instructions for Filing an Amended Complaint." (Docket No. 2 at 2-7).

bipolar disorder[2] (yet Plaintiff has now filed a response to the R&R), and because he was also preparing for and/or in trial (which appears to undercut his argument that "duress" from his bipolar disorder has prevented him from responding to Court orders), Plaintiff has failed to explain how such factors prevented him from taking any action whatsoever in this case (including, *e.g.*, filing a motion for extension) at any point since he filed his Complaint. (*Id.*). Fifth, the Court agrees that there is no indication on the record that alternative sanctions such as the imposition of costs or fees are likely to be effective here. (*Id.*). Finally, the Court agrees that Plaintiff has failed to plead a meritorious cause of action in the Complaint. (*Id.*). Thus, the Court agrees that five of the six *Poulis* factors weigh in favor of dismissal, and that, on the record here, dismissal without prejudice is supported by the *Poulis* factors and is appropriate under Rule 41(b) for failure to prosecute. (*Id.* at 4).

As such, the Court will adopt the R&R as the Opinion of the Court and will dismiss this action, *without prejudice,* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See, e.g., Qadr v. Overmyer*, 642 F. App'x 100, 102 (3d Cir. 2016) ("Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." (citing Fed. R. Civ. P. 41(b)).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 2nd day of November, 2026,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket No. 8) are OVERRULED, and the R&R (Docket No. 7) is ADOPTED as the Opinion of the Court.

---

[2] The plain meaning of the statement that "Plaintiff was under 'duress' due to the fact that Plaintiff suffers from bipolar disorders" is unclear to the Court, and although Plaintiff indicates that a psychological report can be obtained from an attorney with the Pittsburgh Federal Public Defender's office, Plaintiff provides no further explanation as to how he was placed under "duress" and prevented from prosecuting this case in any way. (Docket No. 8 at 1).

IT IS FURTHER ORDERED that, for the reasons set forth in the R&R, the present action is DISMISSED, WITHOUT PREJUDICE, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Clerk of Court shall mark this case CLOSED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: Gregory G. Brown (via U.S. Mail)
The Honorable Maureen P. Kelly